IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV109-GCM
(95CR154-GCM-1)

| | |
|---|---|
| FRANKLIN OSUNDU EKECHUCKWU, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) ) Respondent. ) ) | ORDER |

**THIS MATTER** comes before the Court on a Motion to Dismiss by Respondent United States. (Doc. No. 2).

I.  **BACKGROUND**

Petitioner was indicted by the Grand Jury in this district on August 7, 1995, and charged with counterfeiting, in violation of 18 U.S.C. § 513(a); aggravated identity theft, in violation of 18 U.S.C. § 1028A; and social security fraud, in violation of 42 U.S.C. § 408. On September 15, 1995, Petitioner entered into a written plea agreement with the Government, agreeing to plead guilty to the counterfeiting charge in exchange for the Government's agreement to dismiss the identity theft and fraud counts. This Court conducted Petitioner's sentencing hearing on February 6, 1996, and sentenced him to one year imprisonment, to be followed by three years of supervised release.

This Court entered its judgment on March 5, 1996, and Petitioner did not appeal. On November 30, 2011, Petitioner filed a motion to vacate his conviction under 28 U.S.C. § 2255 and for a writ of error coram nobis under 28 U.S.C. § 1651. In his motion, Petitioner acknowledges that he served his entire sentence, went back to school in 1997, and graduated from college in 2001.

1

Petitioner also asserts that he is currently in ICE custody, pursuant to a detainer issued on September 7, 2011.

## II. ANALYSIS

Section 2255 of Title 28 of the United States Code provides that "[a] prisoner in custody under sentence of a court established by Act of Congress" may move to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). This language requires that a § 2255 petitioner be "in custody" under the conviction or sentence under attack at the time his motion is filed. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (discussing "in custody" requirement for district court jurisdiction over petition for habeas relief from state conviction under 28 U.S.C. § 2254). Once a petitioner's sentence has fully expired, he is not "in custody," notwithstanding the collateral consequences to which he may still be subject: "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack on it." Maleng, 490 U.S. at 492; see also United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004) (recognizing that the Supreme Court's analysis in Maleng "applies equally when a movant is no longer in federal custody for the purpose of § 2255 relief where the sentence imposed for that conviction has expired").

Here, the conviction and sentence challenged by Petitioner's motion fully expired once he served both the active sentence of imprisonment and his term of supervised release. Notwithstanding the collateral consequences he now asserts warrant relief, he is not "in custody," and this Court therefore lacks jurisdiction to adjudicate Petitioner's § 2255 motion.[1]

---

[1] Because the § 2255 motion must be dismissed for lack of jurisdiction, the Court does not address the Government's alternative contention that the motion is untimely.

Petitioner alternatively seeks a writ of error coram nobis, asserting that his trial counsel was ineffective for failing to inform him that the entry of his guilty plea mandated subsequent deportation, and seeking vacation of his plea pursuant to Padilla v. Kentucky, 130 S.Ct. 1473 (2010). Although a writ of error coram nobis may be used to vacate a conviction after the sentence has been served, the writ should be issued "only under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954) (emphasis added). Accordingly, only errors of the "most fundamental character" warrant issuing the writ, and no other remedy may be available. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). Additionally, a petitioner must establish that the factual error was such that, had it been known, it probably would have altered the outcome of the proceeding. Pilla v. United States, 668 F.3d 368, 372 (6th Cir. 2012).

Here, even if Petitioner has alleged a fundamental error and even if Petitioner is excused from filing his motion earlier, he has not shown that he was prejudiced by the error he alleges. The Supreme Court made clear in Padilla v. Kentucky that to obtain relief on the basis that his counsel committed ineffective assistance of counsel in failing to advise him of the immigration consequences of his guilty plea, Petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." 130 S. Ct. at 1485. Although Petitioner asserts that he would not have pled guilty if he had known of the possibility of deportation, he received significant benefits from his guilty plea, including the dismissal of two criminal counts and a reduced sentence at a time when the Sentencing Guidelines were mandatory. Thus, Petitioner has not shown that a decision to reject the plea bargain offered to him would have been rational under the circumstances. Furthermore, Petitioner has not asserted that he was innocent of the offense to which he pled guilty or that acquittal would have been likely if he had gone to trial. Petitioner has also not shown that the Government would have agreed to a plea to a lesser charge, thus removing

the eligibility for deportation. In other words, Petitioner has not shown that he was prejudiced by his counsel's failure to inform him of the possibility of deportation if he pled guilty. Thus, even if Padilla were to apply retroactively on collateral review, Petitioner's claim for coram nobis relief necessarily fails. See United States v. Hernandez–Monreal, 404 Fed Appx. 714, 715 n.* (4th Cir. 2010) (per curiam) (observing that "nothing in the Padilla decision indicates that it is retroactively available to cases on collateral review").

**IT IS THEREFORE ORDERED** that:

1. Respondent's Motion to Dismiss, (Doc. No. 2), is **GRANTED**, and Petitioner's § 2255 motion is dismissed with prejudice.

2. The Clerk of Court is directed to close the case.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: June 7, 2012

Graham C. Mullen
United States District Judge